09-2073-ag
Turmalaj v. Holder

BIA
Straus, IJ
A096 249 363

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
>        Circuit Judges.

_____

ORSIN TURMALAJ,
         Petitioner,

         v.                                    09-2073-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
         Respondent.

_____

FOR PETITIONER:        Charles Christophe, Christophe & Associates, New York, New York.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General, Civil Division; Jennifer J. Keeney, Senior Litigation Counsel; Douglas E. Ginsburg, Assistant Director; Jessica R. Malloy, Law Clerk, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Orsin Turmalaj, a native and citizen of Albania, seeks review of an April 27, 2009 order of the BIA affirming the December 13, 2007 decision of Immigration Judge ("IJ") Michael W. Straus denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Orsin Turmalaj*, No. A096 249 363 (B.I.A. Apr. 27, 2009), *aff'g* No. A096 249 363 (Immig. Ct. Hartford Dec. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546

2

F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

When an applicant for asylum has been found to have suffered past persecution, the presumption of a well-founded fear of future persecution may be rebutted if an IJ finds that there has been a fundamental change in circumstances such that the applicant's life or freedom would no longer be threatened in the country of removal on account of one of the five statutory grounds. 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2006) (holding that there has been "a fundamental change in the political structure and government of Albania, beginning in 1990" and noting that "while Democrats have not been continuously in power, the IJ's perfunctory finding of changed conditions in Albania is adequate.").

Here, the agency assumed Turmalaj's credibility, and found that, even if he had established past persecution, the government successfully rebutted any presumption of a well-founded fear by demonstrating a significant change in country conditions in Albania. The agency's determination is supported by substantial evidence for many of the same reasons we addressed in *Hoxhallari*. *See* 468 F.3d at 187-88.

3

Turmalaj argues that the IJ inappropriately shifted the burden of proof from the government to him. Had it done so, remand would be required. 8 C.F.R. §§ 1208.13(b)(1)(ii), 1208.16(b)(1)(ii); *see also Salimatou Bah*, 529 F.3d at 113-14. However, there is no merit to Turmalaj's argument. To the contrary, the IJ merely noted that the lack of "any pattern or practice of persecution by socialists of members of the Democratic Party" in the country reports provided an additional basis for its determination that the government successfully rebutted any presumption that Turmalaj had a well-founded fear of persecution.

Because the agency's finding of changed country conditions is supported by substantial evidence, we find no error in the agency's denial of Turmalaj's application for asylum, withholding of removal and CAT relief because all three claims share the same factual predicate. *See Hoxhallari*, 468 F.3d at 187; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

4

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____